Dear Mr. Dupuis:
This office is in receipt of your request for an opinion of the Attorney General in regard to what action may be taken to abate a situation occurring in a structure in Lafayette that is a remnant of the former building. You indicate the structure was previously a furniture store but now consists only of a slab, numerous steel posts and a roof but no walls enclose the structure. However, people are congregating there, playing music and at times parking their cars at the location in inclement weather. There have been numerous complaints that the structure is an "eye sore" and an "attractive nuisance". The owner has signed documentation with the Police Department authorizing arrest and removal of anyone present for loitering or being on the premises and, therefore, maintains he is not permitting a prohibited activity as defined as a public nuisance. Also, the Department of Planning, Zoning and Codes has found the structure is not in a dangerous condition since structurally sound.
In the light of these facts you seek advice as to what law can be utilized to abate this situation. You note from your research that R.S. 33:4761 allows demolition of property when it is dilapidated and in a dangerous condition, but this has not been found, nor do you feel it is a public nuisance since the owner neither conducts or knowingly permits a nuisance to exists inasmuch as he has authorized the police to remove people from the premises.
The jurisprudence has recognized "nuisance per se" and "nuisance in fact". With the former, the court finds it to be an act, occupation or structure which is a nuisance at all times and under any circumstances regardless of its location or surroundings "such as a bawdy house", whereas the latter is one which becomes a nuisance by reason of particular circumstances and surroundings, and whether it is a nuisance will depend upon a factual determination that this office cannot make. It is possible that the unsightliness and affect on neighboring property value may constitute a nuisance to other landowners.
However, we find it pertinent to recognize in Acadian HeritageRealty v. City of Lafayette, 451 So.2d 17 (La.App 3 Cir. 1984) that the court found that the height of waste landfill, not being in itself dangerous or productive of nuisance other thanunsightliness, was an "inconvenience", and cited C.C. Art. 668 that allows a landowner to make any work on his land that does not damage his neighbor although it may occasion some inconvenience. The court makes reference to the need of balancing of interest between the land user and his neighbors. While the issue therein was the continuation of the trial court's injunction against the landfill, which was denied because the administrative agency was supervising the condition, the landowners had been awarded money damages on some aspects of the landfill as having been a nuisance.
Whether there is a nuisance in fact in the instant question or mere inconvenience is a determination for a court to settle by consideration of whether neighboring property value is damaged by the remnant structure.
Insofar as action that may be taken by the City Parish government, the only recourse that we can find that may be used is action through the Zoning Commission insofar as its power under R.S.33:4726(B) to determine restrictions and regulations to be enforced in the district. It is well established that authority to enact zoning regulations flows from the police power of governmental bodies and is valid if it bears a rational relation to health, safety and welfare of the public. If no provision presently exists prohibiting structures like that in question, a restriction could be established with an "amortization" provision whereby a grace period would be allowed within which any prohibited structure in existence prior to the enactment could be removed. The restriction would have to advance a legitimate public interest and cannot deny the property owner an economically viable use of his property. However, it would seem there would be a legitimate public interest in removal of such a structure for aesthetic reasons as well as a general public purpose in regulating city structures, and it seems obvious the structure is not now providing the owner an economically viable use of his property.
While an individual's rights in private property are subject to reasonable restrictions and reasonable exercise of the government's police power, R.S. 33:4721 recognizes for the purpose of promoting health, safety, morals, or the general welfare for the community the governing authority of all municipalities may regulate "the location and use of the building structures, and land for trade, industry, residence, or other purposes". In R.S.33:4723 it is further provided in part, "The regulations shall be made with reasonable consideration of the character of the district and its peculiar suitability for particular uses, andwith a view of conserving the values of buildings and encouraging the most appropriate use of land throughout the municipality."
In regard to your request "as to what state statute may be applicable and utilized in this situation", we cannot find any state statute directly pertaining to the situation other than utilizing the police power through zoning regulations. However, we hope our response is of assistance in the matter.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR